Peter J. Rathwell (#002213)
Emily Gildar Wagner (#028811)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren St., Ste. 1900
Phoenix, Arizona  85004-2202
Telephone:  (602) 382-6000
Facsimile:   (602) 382-6070
E-mail:      prathwell@swlaw.com
             ewagner@swlaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RODSONGS, EMI APRIL MUSIC INC., TRI-ANGELS MUSIC, and EDWIN H. MORRIS & CO., INC., | NO. |
| | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| Plaintiffs, | |
| vs. | |
| W.R.S. WESTGATE, L.L.C., and CHRIS TSAILAKIS and JANE DOE TSAILAKIS, husband and wife, | |
| Defendants. | |

Plaintiffs Rodsongs, EMI April Music Inc., Tri-angels Music, and Edwin H. Morris & Co., Inc. (collectively, "Plaintiffs"), complaining of Defendants W.R.S. Westgate, L.L.C., and Chris Tsailakis and Jane Doe Tsailakis (collectively, "Defendants"), by SNELL & WILMER L.L.P., their attorneys, allege:

I.

This is a suit for copyright infringement under Title 17 of the United States Code.

II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

III.

Plaintiffs allege three (3) causes of action for copyright infringement based on Defendants' public performances of Plaintiffs' copyrighted musical compositions.

SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

IV.

Plaintiffs named in Column 2[1] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

V.

On information and belief, Defendant W.R.S. Westgate, L.L.C. ("W.R.S."), is a limited liability company organized under the laws of Arizona, with a principal place of business at 2303 W. 44th Street, Suite 5, Phoenix, Arizona 85008.

VI.

At all times hereinafter mentioned W.R.S. did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Whiskey Rose, located at 6751 N. Sunset Boulevard, Suite E-110, Glendale, Arizona 85305.

VII.

Musical compositions were and are publicly performed at Whiskey Rose.

VIII.

On information and belief, Defendant Chris Tsailakis ("Tsailakis") is an individual who works and/or lives in this District.  Upon information and belief, at all times mentioned herein Tsailakis was married to Jane Doe Tsailakis, whose true name is presently unknown to Plaintiffs, and Tsailakis was acting on behalf of the marital community of Chris Tsailakis and Jane Doe Tsailakis.

---

[1]    All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

SNELL & WILMER
L.L.P.
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

IX.

At all times hereinafter mentioned, Tsailakis was, and still is, the Managing Member of W.R.S.

X.

At all times hereinafter mentioned, Tsailakis was responsible for the control, management, operation, and maintenance of the affairs of W.R.S.

XI.

At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Whiskey Rose, including the right and ability to supervise and control the public performance of musical compositions at Whiskey Rose.

XII.

Each Defendant derives a direct financial benefit from the public performance of musical compositions at Whiskey Rose.

XIII.

Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 550,000 songwriter, composer, and music publisher members.

XIV.

Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

XV.

Since July 2013, ASCAP representatives have made more than thirty (30) attempts to contact Defendants, or their representatives, agents, or employees, to offer an ASCAP

license for Whiskey Rose.  ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

XVI.

Defendants have refused all of ASCAP license offers for Whiskey Rose.

XVII.

ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Whiskey Rose constitute infringement of ASCAP's members' copyrights in their musical works.

XVIII.

Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Whiskey Rose, including the copyrighted works involved in this action, without permission, during the hours that Whiskey Rose is open to the public for business and presenting musical entertainment.

XIX.

The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

XX.

Each composition was published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

XXI.

Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

XXII.

The composition named in the third cause of action is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights.  The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7.  The date and identification number of the renewal certificate are set forth in Column 8.

XXIII.

Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Whiskey Rose for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

XXIV.

The public performances at Whiskey Rose of Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of Defendants' agents, servants, or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

XXV.

In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

XXVI.

The many unauthorized performances at Whisky Rose include the performances of the three (3) copyrighted musical compositions upon which this action is based.

XXVII.

At the times of the acts of infringement complained of, Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

1

XXVIII.

2
3
4
5

The said wrongful acts of Defendants have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

6

WHEREFORE, Plaintiffs pray:

7
8
9
10
11
12

I.     That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Whiskey Rose, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

13
14
15
16

II.    That Defendants be decreed to pay such statutory damages as the Court shall determine just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

17
18

III.   That Defendants be decreed to pay the costs of this action and that reasonable attorneys' fees be allowed as part of the costs.

19

IV.    For such other and further relief as may be just and equitable.

20

Dated this 20th day January, 2016.

21

SNELL & WILMER L.L.P.

22
23
24
25
26

By: /s/ Emily Gildar Wagner
    Peter J. Rathwell
    Emily Gildar Wagner
    One Arizona Center
    400 E. Van Buren St., Ste. 1900
    Phoenix, Arizona  85004-2202
    Attorneys for Plaintiffs

27
28

23314108

- 6 -

SNELL & WILMER
L.L.P.
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

# SCHEDULE A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication (or registration if registered as unpublished) | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | RODSONGS | THRILLER | Rod Temperton | January 31, 1983 | PA 162-442 | | | December 6, 2015 |
| 2. | EMI APRIL MUSIC, INC.  TRI-ANGELS MUSIC | COUNTRY BOY | Alan Jackson | March 4, 2008 | PA 1-594-226 | | | December 6, 2015 |
| 3. | EDWIN H. MORRIS & CO., INC. | SUMMER NIGHTS | Warren Casey  Jim Jacobs | April 19, 1972 | EP 299484 | Harris Trust and Saving Bank (Executor of the author Warren Casey)  Jim Jacobs | RE 826-139 June 08, 2000 | December 6, 2015 |